# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 8, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DIANNE BYRD, | * | |
| | * | |
| Petitioner, | * | No. 20-1476V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and |
| AND HUMAN SERVICES, | * | Costs; Reduction. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Andrew Donald Downing,* Downing, Allison & Jorgenson, Phoenix, AZ, for petitioner.
*Jennifer A. Shah,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On July 25, 2023, Dianne Byrd, ("petitioner") filed a motion for interim attorneys' fees and costs. Interim Fees Application ("Int. Fees App.") (ECF No. 71). I hereby **GRANT** petitioner's motion. Petitioner is hereby awarded interim attorneys' fees and costs in the amount of **$221,237.73.**

### I. Procedural History

On October 27, 2020, petitioner initiated her claim in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving Prevnar 13 vaccination on February 6, 2019, she developed Guillain-Barre Syndrome ("GBS"). Petition (ECF No. 1). Petitioner filed supportive medical records followed by a statement of completion on November 19, 2020. Petitioner's Exhibits ("Pet. Exs.") 1-7 (ECF Nos. 6, 9). On December 30, 2020, the case was reassigned to my docket. *See* Notice of Reassignment (ECF No. 13).

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On February 28, 2021, respondent filed a status report requesting additional medical records. (ECF No. 17). On March 3, 2023, petitioner filed a status report clarifying the already submitted medical records and indicated that there were no additional records to be submitted. (ECF No. 18). Petitioner filed an expert report from Dr. Peter-Brian Andersson, M.D., on June 14, 2021. Pet. Ex. 10 (ECF No. 22). On November 12, 2021, respondent filed Respondent's Report writing that the DICP had reviewed the petition and accompanying documents and concluded that he case was not appropriate for compensation under the Act. Respondent's ("Resp.") Report (ECF No. 29). Respondent also filed expert reports from Dr. J. Lindsay Whitton, M.D., Ph.D., and Dr. Peter D. Donofrio, M.D. Resp. Ex. A (ECF No. 30); Resp. Ex. C (ECF No. 32).

I held a Rule 5 status conference on January 25, 2022, and ordered the parties to file supplemental expert reports. Rule 5 Order (ECF No. 35). Petitioner filed a supplemental expert report from Dr. Andersson on May 2, 2022. Pet. Ex. 28 (ECF No. 37). Respondent filed responsive expert reports from Dr. Whitton and Dr. Donofrio on August 15, 2022. Resp. Ex. E; Resp. Ex. F (ECF No. 40). I convened another status conference on September 27, 2022, and ordered the parties to find a mutually available date for an Entitlement Hearing and file additional responsive expert reports. (ECF No. 43).

An Entitlement Hearing was set for June 26, 2023 to June 27, 2023 in the OSM Hearing Room in Washington, DC. Hearing Order (ECF No. 44). Petitioner filed an expert report from Dr. David Axelrod, M.D., on November 8, 2022. Pet. Ex. 29 (ECF No. 45). Respondent filed responsive expert reports from Dr. Whitton and Dr. Donofrio on February 23, 2023. Resp. Ex. G; Resp. Ex. H (ECF No. 49).

On March 17, 2023, petitioner filed a motion to limit the testimony of respondent's expert, Dr. Whitton. Motion to Limit Testimony (ECF No. 51). Petitioner argued that Dr. Whitton is not a medical doctor, not licensed to practice medicine, does not see patients, and therefore should not be permitted to address specific causation in the Vaccine Program or anywhere else. *Id*. at 1. On April 28, 2023, respondent filed a response to the motion arguing that petitioner's motion to limit Dr. Whitton's testimony should be denied. Resp. Response at 4 (ECF No. 56). On May 3, 2023, petitioner filed a reply to respondent's response. Pet. Reply (ECF No. 57). On May 10, 2023, I denied the motion to limit Dr. Whitton's testimony and concluded that Dr. Whitton may testify as an expert in the field of immunology and general causation. Order Denying Pet. Motion (ECF No. 58).

Petitioner filed a rebuttal expert report from Dr. Axelrod on March 21, 2023. Pet. Ex. 45 (ECF No. 52). On April 27, 2023, petitioner filed a prehearing brief. Pet. Pre Hearing Brief (ECF No. 55). Petitioner filed a statement from Dr. Asif Farooq, M.D., on May 16, 2023, one of petitioner's treating physicians. Pet. Ex. 62 (ECF No. 59). On May 29, 2023, respondent filed a prehearing brief. Resp. Pre Hearing Brief (ECF No. 60). Petitioner filed additional medical records on May 30, 2023. Pet. Ex 63 Part 1-4 (ECF No. 61). Both parties filed prehearing submissions from June 6, 2023 through June 12, 2023. (ECF Nos. 63-67).

An Entitlement Hearing took place in the OSM Hearing room on June 26, 2023 through June 27, 2023. Following the Entitlement Hearing I ordered respondent to file a status report

indicating her clients willingness to enter into settlement discussions forty-five days following the filing of the official transcript.

On July 25, 2023, petitioner filed the instant motion for Interim Attorneys' Fees, requesting a total of $206,356.92, representing $151,190.75 in attorneys' fees, and $55,166.17 in attorneys costs. Pet. Interim Fees Application ("Int. Fees App.") (ECF No. 71). Additionally, petitioner requested $27,199.32, representing $24,478.77 in attorneys' fees, and $2,720.55 in attorneys' costs for attorney Ms. Eric Jeffries, who is petitioner's personal attorney, initially researched the vaccine court, and is not admitted to the Court of Federal Claims. *Id*. at 4. Respondent responded to petitioner's interim fees motion on August 22, 2023, indicating that "if the Special Master is satisfied that this case was filed and proceeded with a reasonable basis, and the Special Master further decides to exercise his discretion to award fees and costs in this uncompensated case, then the Federal Circuit has made it clear that 'the determination of the amount of reasonable attorneys' fees is within the special master's discretion.'" *Id*. at 2-3; *Saxton v. HHS*, 3 F.3d 1517, 1520 (Fed. Cir. 1993). Petitioner did not file a reply.

The matter is now required for adjudication.

## II. Entitlement on Attorneys' Fees and Costs

### A. Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

### B. Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

3

Here, the claim has been pending since October 27, 2020. The amount of fees requested is over $30,000.00, and the amount of costs requested is over $15,000.00. The Entitlement Hearing took place June 26, 2023 through June 27, 2023, and the entitlement decision has not yet been decided. However, I have no doubt that the case was brought with a reasonable basis and has proceeded with a reasonable basis through the present time. Based on all of these factors, I find it appropriate to award interim attorneys' fees and costs at this time.

### III. Reasonable Attorneys' Fees and Costs

#### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (*per curiam*).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### B. Hourly Rates and Hours Expended

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2021 are provided online.[3]

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

In this case, petitioner is requesting a total of $151,190.75 in attorneys' fees affiliated with the work of Mr. Andrew Downing, and $24,478.77 in attorney's fees for Mr. Eric Jeffries. Int. Fees Motion at 1-4. Petitioner is requesting that her attorney, Mr. Andrew Downing, be reimbursed at an hourly rate of $385.00 per hour for work performed in 2020 and 2021, $415.00 and $445.00 an hour for work performed in 2022, and $445.00 for work performed in 2023. Int. Fees App at 6-7. Petitioner requests that attorney Ms. Courtney Jorgenson be reimbursed at an hourly rate of $275.00 per hour for work performed in 2020 and 2021, $325.00 and $345.00 per hour for work performed in 2022, and $345.00 per hour for work performed in 2023. *Id*. Petitioner requests that attorney, Ms. Ann Allison be reimbursed at a rate of $415.00 per hour for work performed in 2022. *Id*. These rates are largely consistent with what Mr. Downing, Ms. Jorgenson, and Ms. Allison have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein. *See, e.g., Olschansky v. Sec'y of Health & Human Servs.*, No. 17-1096V, 2020 WL 1027681 (Fed. Cl. Spec. Mstr. Feb. 21, 2020). However, Mr. Downing's 2022 rate increase has consistently been rejected by this Court, and the undersigned shall likewise reimburse all of Mr. Downing's 2022 work at $415.00 per hour. *See, e.g., Rossiter v. Sec'y of Health & Human Servs.*, No. 20-1888V, 2023 WL 3778899, at *2 (Fed. Cl. Spec. Mstr. Jun. 2, 2023); *Switzer v. Sec'y of Health & Human Servs.*, No. 18-1418V, 2023 WL 3580593, at *2 (Fed. Cl. Spec. Mstr. May 22, 2023). The requested amount of $445.00 per hour is a reasonable rate for Mr. Downing's work in 2023.

Mr. Andrew Downing billed a total of 174.2 hours from 2020 to 2023, totaling $75,362.00. His rates for 2022, after starting his own law firm have been reduced from $445.00 per hour to $415.00 per hour, resulting in a reduction of **$144.00**. The hourly rates of Ms. Jorgenson and Ms. Allison will be reimbursed without reduction.

Petitioner requests that paralegal Mr. Robert Cain be reimbursed at a rate of $135.00 per hour for work performed in 2020, 2021, and 2022. *Id*. Petitioner requests that paralegal Ms. Danielle Avery be reimbursed at a rate of $135.00 per hour for work performed in 2020, 2021, and 2022, and at a rate of $155.00 per hour for work performed in 2022 and 2023. *Id*. Petitioner requests that paralegal Mr. Alex Malvick be reimbursed at a rate of $155.00 per hour for work performed in 2023. *Id*. These rates are reasonable, and no adjustment is necessary.

---

[3] U.S. Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at https://www.uscfc.uscourts.gov/node/2914.

Petitioner requests that legal interns Mr. Benjamin Downing and Mr. John Whittemore, be reimbursed at a rate of $150.00 for work performed in 2023. Generally, egal interns cannot bill the vaccine program. However, it does appear that Mr. Whittemore performed significant work on this case which is documented in the time sheets. He has billed at what would be a paralegal rate, so I will the reimbursement of those hours. *Garrison v. Sec'y of Health & Hum. Servs.*, No. 14-762V, 2016 WL 3022076, at *10 (Fed. Cl. Apr. 29, 2016), aff'd, 128 Fed. Cl. 99 (2016). The majority of Mr. Downing's time billed in 2023 lists, "no charge," and a few billing entries remained totaling $615.00, at a rate of $150.00 per hour. Pet. Ex. A. Mr. Whittemore billed 96.20 hours at a rate of $150.00, for a total of $14,430.00. Therefore, these charges will be reimbursed in full.

Petitioner requests that Mr. Eric Jeffries be reimbursed at a rate of $177.00 per hour for work performed in 2020 for a total of 128.50 hours. Int. Fees App. at 8. Mr. Jeffries is not licensed as an attorney in the U.S. Court of Federal Claims, and served as petitioner's personal Counsel and initially represented her prior to Mr. Downing. Mr. Jeffries also attended the entitlement hearing. It is customary in the vaccine program to reimburse attorneys at the paralegal rate if they are not licensed in the Court of Federal Claims, the highest paralegal rate for 2020 is $163.00 per hour, therefore Mr. Jeffries hourly rate must be reduced, changing the total requested to $20,945.50. Additionally, the Vaccine Court does not reimburse tax on time billed, therefore the 7.6250% tax rate totaling $1,734.27, will not be reimbursed. Pet. Ex. B at 6.

Additionally, Mr. Jeffries spent 26 hours researching the Vaccine Program and applicable law. Pet. Ex. B at 1-6. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Therefore, Mr. Jeffries will be reduced 26 hours, a total of $4,238.00. In total, Mr. Jeffries attorneys' fees are reduced $7,771.27, and he will be awarded $16,707.50.

Therefore, Mr. Andrew Downing's attorneys' fees shall be reduced a total of $144.00, reducing the attorney's fees awarded to **$151,046.75.** Taking into account the reduction of Mr. Jeffries rate, the taxes added, and the excessive time researching the program, Mr. Jeffries shall be reduced a total of $7,771.27, reducing the attorneys' fees awarded **$16,707.50.**

### C. Costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34. Petitioner's counsel, Mr. Andrew Downing, requests a total of $55,166.17 in attorneys' costs. Int. Fees Mot. at 4. Mr. Jeffries, petitioner's personal counsel requests a total of $2,720.55 in attorneys' costs. *Id*. at 4.

From 2020 to 2021, petitioner requests costs totaling $6,838.27. Pet. Ex. A at 16. The minority of the costs include the Filing Fee, postage, retrieval of medical records, and

photocopying, which are routinely awarded in the program and shall be awarded in full. *Id*. The majority of those costs are comprised of the reimbursement of Dr. Peter-Brian Andersson, M.D., PhD, totaling $6,208.33, for 12.25 hours at an hourly rate of $500.00 per hour. *Id*. at 24. Dr. Andersson has been awarded that rate previously in the program, and no reduction is necessary. *Ligouri v. Sec'y of Health & Hum. Servs.,* No. 18-824V, 2021 WL 3744084, at *2 (Fed. Cl. July 22, 2021).

Petitioner requests $708.70 for a meal at the Capitol Grille in Washington, DC. Pet. Ex. A at 65. The receipt provided does not provide a cost breakdown for the food or drinks consumed, but does indicate there were six guests. It would appear the six people included Mr. Downing, petitioner's daughter, Dr. Andersson, and the two interns. I will reimburse for the first four, but not the two interns, resulting in a reduction of **$236.57**, for a total award of $473.13.

Petitioner requests an additional $25,195.13 for Dr. Andersson, comprised of $14,500.00 requested for pre-trial preparation and the entitlement hearing, at a rate of $500.00, which shall be awarded in full. Pet. Ex. A at 77. Dr. Andersson also requested $741.90 for roundtrip airfare to and from the entitlement hearing, which shall be awarded in full. He stayed at the Conrad Hotel in Washington, DC, which is a luxury hotel, charging in excess of $600.00 per night. Dr. Andersson understood that his "stay at the Conrad cost more than allowed," and reduced his request to $405.00 per night, for a total of $1,620.00, this reduction will be awarded in full. Dr. Andersson billed at a rate of $500.00 per hour for 16.6 hours, totaling $8,333.33. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Therefore, Dr. Andersson's request for reimbursement of work while traveling will be reduced by half, to **$4,166.67**.

Petitioner requests reimbursement for work performed by Dr. David Axelrod who is board certified in internal medicine and rheumatology. (cite) Pet. Ex. A at 42-43. Dr. Axelrod requested total reimbursement of $14,800.00, with an hourly rate of $400.00 for chart review, research, preparation of expert reports, review of respondent's expert reports, along with trial preparation and participating in the June 2023 entitlement hearing. I find Dr. Axelrod's rate to be reasonable for the work performed and find no reduction necessary. *Rossiter v. Sec'y of Health & Hum. Servs.,* No. 20-1888V, 2023 WL 3778899, at *2 (Fed. Cl. June 2, 2023)

The costs associated with Mr. Jeffries appear reasonable, including the retrieval of medical records and postage, therefore they will be awarded in full.

Therefore, the costs associated with Mr. Downing, shall be reduced $4,403.24, bringing the total attorneys' costs down to $50,762.93. Mr. Jeffries costs requested of $2,720.55 will be awarded in full with no reduction.

    **IV.**    **Conclusion**

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is **GRANTED**.  Accordingly, I award the following:

| | |
|---|---|
| Attorneys' Fees Requested (Downing): | $151,190.75 |
| Downing Reduction: | $144.00 |
| **Total Attorneys' Fees Awarded:** | **$151,046.75** |
| | |
| Attorneys' Costs Requested (Downing): | $55,166.17 |
| Downing Reduction: | $4,403.24 |
| **Total Attorneys' Costs Awarded:** | **$50,762.93** |
| | |
| **Total Attorneys' Fees and Costs Awarded (Downing):** | **$201,809.68** |
| | |
| Attorneys' Fees Requested (Jeffries): | $24,478.77 |
| Downing Reduction: | $7,771.27 |
| **Total Attorneys' Fees Awarded:** | **$16,707.50.** |
| | |
| Attorneys' Costs Requested (Jeffries): | $2,720.55 |
| Jeffries Reduction: | $0 |
| **Total Attorneys' Costs Awarded:** | **$2,720.55** |
| | |
| **Total Attorneys' Fees and Costs Awarded (Jeffries):** | **$19,428.05** |
| | |
| **Total Attorneys' Fees and Costs Awarded:** | **$221,237.73** |

**A)** **A sum in the amount of $221,237.73 for petitioner's attorney Mr. Andrew Downing representing total reimbursement for Petitioner's attorney Mr. Andrew Downing, of $201,809.68, and reimbursement of attorney Mr. Eric Jeffries totaling $19,428.05, in the form of a check payable to petitioner and her attorney, Mr. Andrew Downing.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u><br>
Thomas L. Gowen<br>
Special Master

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).